```
                  UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF IOWA
```

IN RE:

BRUCE D. OIMOEN                                  Chapter 13

   Debtor.                              Bankruptcy No. 04-00946M

```
                    MEMORANDUM DECISION RE:
        CONFIRMATION OF AMENDED PLAN FILED APRIL 16, 2005
```

Debtor Bruce D. Oimoen seeks confirmation of his Amended Chapter 13 Plan filed April 16, 2005 (docket no. 48).  Carol F. Dunbar, the trustee, objects.  Hearing was held May 10, 2005 in Mason City.  Larry S. Eide appeared as attorney for Mr. Oimoen.  Carol Dunbar appeared on her own behalf.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

Oimoen filed his chapter 7 petition on March 17, 2004. The United States trustee moved to dismiss under 11 U.S.C. § 707(b).  On November 17, 2004, the court granted Oimoen's motion to convert his case to chapter 13.  The motion to dismiss was denied.

Since August 2003, Oimoen has been employed as controller for Kabrick Distributing in Mason City.  In 2004 his gross income from this employer was $52,249.00.  Until sometime in 2003 Oimoen worked for Stellar Industries, Inc. in Mason City. His income with Stellar had been significantly greater than his present salary with Kabrick Distributing.  His taxed

Social Security earnings for 2001 - 2003 averaged $78,998.00. The loss of income played a major role in Oimoen's bankruptcy filing.

Oimoen's spouse, Elaine, is employed as a computer programmer with Curry's in Mason City (Oimoen's amended Schedule I shows her employer as Assa Abloy). The couple's take-home pay is scheduled at $6,559.01 per month. Elaine earns 47 per cent of that amount; Oimoen earns 53 per cent. Oimoen's amended Schedule J shows anticipated monthly expenditures of $6,067.35, leaving, at present, projected disposable income of $491.66 per month.

Oimoen has an 18-year old son, Michael, by a prior marriage. This fall Michael will attend Indian Hills Community College. Pursuant to Oimoen's dissolution decree, he is responsible for one-third of the cost of Michael's attending this institution. The decree was not offered into evidence, but according to the applicable Iowa statute Oimoen may be held responsible for up to one-third of the "reasonable costs for only necessary post-secondary education expenses." Iowa Code § 598.21(5A)(renumbered as § 598.21F by S.F. 330, § 44 (April 28, 2005)). Michael may be held responsible for one-third. Some of his contribution will come from a baseball scholarship. Elaine has a 20-year-old son, Joe, from a prior

marriage. Oimoen says she is responsible for one-third of Joe's cost of attending Iowa State University where he will be a sophomore.

It does not appear that either Oimoen or his spouse has any major health problems. He takes a statin to control his blood cholesterol level. He also uses prescribed inhalers. Elaine also takes a prescription medication. The costs of prescription drugs is approximately $130.00 per month. Oimoen says his son will have to have three wisdom teeth pulled, and it will be necessary to pay for his son's dental work over time. He estimates the cost at $1,800.00. Three of the family members wear eye glasses.

The couple owns four automobiles. Elaine owns and drives a 2004 Pontiac Grand Am. Oimoen drives a 2004 Ford Escape which is titled in his and Elaine's names. Joe drives a 1996 Honda Civic LX purchased by a grandparent. Oimoens are repaying the grandparent the cost of the car. At present, the couple pays $50.00 per month to the grandparent for the purchase of the car. This is a reduced amount during bankruptcy which was agreed to by the grandparent. The car is not encumbered by the debt. The title is in Elaine's name. Michael drives a 1996 Pontiac Grand Am titled in Oimoen's name. The couple pays the costs, insurance and maintenance

for all four automobiles.

The couple's anticipated monthly expenses as shown on amended Schedule J (docket no. 47) and as explained by Oimoen's testimony are:

```
first mortgage                                $1,075.48
electricity and heating                          250.00
water and sewer                                   74.00
long distance telephone                            5.00
4 cell phones                                    121.00
cable tv, internet, local phone                  100.00
home maintenance                                 100.00
food                                             600.00
clothing                                         200.00
laundry and dry cleaning                          12.00
medical and dental expense                       392.00
transportation                                   442.00
recreation, prof. dues, newspaper                110.00
charitable contributions                          70.00
life insurance                                   158.00
health insurance                                 139.00
auto insurance                                   340.00
long-term disability                              28.50
second mortgage                                  535.09
installment payment - Ford                       350.24
installment payment - Civic                       50.00
installment payment - 2004 Grand Am              367.54
haircuts, personal care--Oimoen & son             17.50
haircuts, personal care--Elaine & son             70.00
school fees (high school)                         10.00
school lunches (high school)                      50.00
college expenses - Michael                       200.00
college expenses - Joe                           200.00

total expenses                                $6,067.35
```

Oimoen's assets at filing were:

```
home (joint ownership w/Elaine)    $200,000.00
cash                                     50.00
checking account                         50.00
household goods                       2,000.00
wearing apparel                       1,000.00
```

```
          savings plan - Solvay America       97,684.81
          401(k) plan - Stellar Industries    38,467.06
          Stellar ESPO                         5,416.20
          accrued wages                          913.00
          1996 Pontiac Grand Am                3,225.00
          2004 Ford Escape (joint w/ Elaine)  19,700.00
```

(Schedules A and B, docket nos. 47, 33, and 1.) All assets were claimed as exempt. The Ford Escape is encumbered by debt in the amount of $19,676.57. Wells Fargo Home Mortgage, Inc. holds a first mortgage against the homestead in the amount of $127,427.00. Wells Fargo Bank, NA holds a second mortgage against the home in the amount of $58,504.00.

Oimoen filed his amended plan on April 16, 2005 (docket no. 48). He proposes to pay to the trustee the following plan payments: $414.16 for the first four months of the plan period; $341.66 for the next 33 months; additional lump sum payments of $350.00, $200.00, and $200.00 respectively in the fifth, sixth, and seventh months of the plan. These payments total $13,681.42 for the 37 months of the plan. Oimoen also promises to pay any other disposable income to the trustee.

The trustee's fee on the specified amounts would be $1,243.77. Oimoen's attorney would be paid $900.00 by the trustee. This would leave $11,537.65 for distribution to creditors holding allowed unsecured claims. Oimoen listed $102,380.55 in unsecured debt on his schedules. The claims deadline has passed; unsecured claims were filed in the total

amount of $43,922.70.  Based on filed claims the percentage distribution would be 26 per cent.  Oimoen proposes to pay directly his regular monthly payments to secured creditors.

The trustee objects to confirmation.  She contends that some of the family's expenses are not reasonable and that the monthly plan payments should be greater.

I will deny confirmation of Oimoen's proposed plan because I find some of his expenses are not reasonable or necessary and therefore his proposed payments are less than his disposable income as defined by the Bankruptcy Code.  The Code provides that if the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan, the court may not approve the plan unless claims are paid in full or the "plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan."  11 U.S.C. § 1325(b)(1)(B).

> '[D]isposable income' means income which is received
> by the debtor and which is not reasonably necessary
> to be expended--
>
>   (A) for the maintenance or support of the debtor
>   or a dependent of the debtor....

11 U.S.C. § 1325(b)(2)(A).

Oimoen's projected expenses include several items of

6

discretionary spending: CATV, internet, and local telephone service totaling $100.00; recreation, $110.00; haircuts and personal care for Oimoen's son and Elaine's son, which I estimate at $30.00.  These items amount to $240.00.  I consider local phone service discretionary because Oimoen, Elaine, and the two sons each have a cell phone.  I estimate Oimoen should be able to save $90.00 on these expenses.

Oimoen and Elaine supply an automobile each to Oimoen's son and to Elaine's son.  The cost to the budget is $50.00 per month for the Civic payment, $260.00 per month for insurance, and I estimate $200.00 per month for operation and maintenance.  I estimate this at $200.00 because Oimoen has budgeted $442.00 per month for the four cars.  There is no breakdown on the cost of each auto.  The average cost would be $110.50.  Although the sons' older models might cost more to maintain, they also would
cost less to license each year.  I will estimate the cost of each to operate at $100.00 or $200.00 total for the autos made available to the sons.

Oimoen and Elaine have no legal obligation under their dissolution decrees to supply the autos.  <u>See</u> Iowa Code § 598.21(5A)(1).  The autos are not necessary expenses of post-secondary education.  The expense projection would be reduced

by $510.00 per month by eliminating the expense of providing the cars.  Added to the $90.00 reduction from personal discretionary expenses, Oimoen's plan could pay the trustee an additional $600.00 per month of disposable income.  The plan's failure to provide this disposable income to the trustee renders it unconfirmable.

　　　IT IS ORDERED that the trustee's objection to confirmation of Bruce Oimoen's amended chapter 13 plan filed April 16, 2005 is sustained.  Confirmation of the amended plan is denied.

　　　DATED & ENTERED:

　　June 9, 2005

　　　　　　　　　　　　　　　　　　William L. Edmonds, Bankruptcy Judge